IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CARRINGTON GILBERT, | § | |
| | § | |
| *Plaintiff,* | § | C.A. No.: _____ |
| | § | |
| v. | § | **JURY DEMANDED** |
| | § | |
| ZO SKIN HEALTH, INC., | § | Removed from the District Court of |
| | § | Harris County, Texas; 190th Judicial |
| *Defendant.* | § | District, Cause No. 2021-04626 |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant ZO Skin Health, Inc. ("ZO"/"Defendant") hereby removes this civil action from

the 190th Judicial District Court of Harris County, Texas, to the United States District Court for

the Southern District of Texas, Houston Division, pursuant to 28 U.S.C. § 1441(a) - (c), based on

diversity of citizenship. *See* 28 U.S.C. §§ 1332. In support of this Notice, Defendant states as

follows:

### I.    STATE PROCEEDING

This is an employment lawsuit alleging unlawful discrimination, harassment, and

retaliation. Plaintiff Carrington Gilbert ("Gilbert" or "Plaintiff") commenced a civil action against

Defendant in the 190th Judicial District Court of Harris County, Texas on January 25, 2021, styled

"*Carrington Gilbert v. Zo Skin Health, Inc.*," Cause No. 2021-04626. There are no other parties to

the state court action. As required by 28 U.S.C. § 1446(a) and Local Rule 81, this Notice of

Removal is accompanied by (a) copies of all executed process in the case (none); (b) pleadings

asserting causes of action and all answers to such pleadings; (c) all orders signed by the state court

judge (none); (d) the docket sheet; (e) an index of matters being filed; and (f) a list of all counsel

of record, including addresses, telephone numbers, and parties represented. These items are

attached hereto as Exhibits A(1)-(E). Defendant agreed to waive service of process by Rule 11 agreement of the parties dated February 11, 2021.  *See* Ex. A.[1]  This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

## II.    DIVERSITY JURISDICTION

The basis for this Court's jurisdiction and the removal of this case to this court is 28 U.S.C. § 1332.  Plaintiff is an individual and a citizen of Texas.[2]  Defendant employed Plaintiff, and Defendant was – both during Plaintiff's employment and at all times since then – incorporated in California with its principal place of business in Irvine, California.[3]  Therefore, there is complete diversity of citizenship between the parties.  *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003).  Additionally, the amount in controversy exceeds $75,000.  That is because Plaintiff seeks to recover back pay, lost earnings past and future, compensatory damages, punitive damages, and attorneys' fees.[4]  Further, the statements of relief sought in the Petition make clear that the amount in controversy is more than $75,000.[5]  Based on the complete diversity of citizenship between the parties and the amount in controversy, jurisdiction is proper under 28 U.S.C. § 1332.

---

[1] Defendant first received the state court petition and request for waiver of service from opposing counsel on January 27, 2021.  The parties subsequently agreed that the answer date would be suspended until March 3, 2021, based on the weather events the week of February 15.

[2]  *See* Plaintiff's Original Petition.

[3] *See* Declaration of Natasha Hodkinson (Ex. 1).

[4] *See* Plaintiff's Original Petition.

[5] *See, e.g., Acosta v. Drury Inns, Inc.*, 400 F. Supp. 2d 916 (W.D. Tex. 2005) (holding that it was facially apparent that claim exceeded jurisdictional limits, because plaintiff sued for actual damages, compensatory damages, emotional distress, punitive damages and attorneys' fees under Texas Labor Code Chapter 21, even though petition did not state amount plaintiff sought).

### III.     REMOVAL TO THE SOUTHERN DISTRICT OF TEXAS IS PROPER

The United States District Court for the Southern District of Texas, Houston Division, includes the judicial district of Harris County, in which Plaintiff filed her Petition. Thus, venue in this District and removal to this Court are proper pursuant to 28 U.S.C. § 1446(a).

### IV.     NOTICE TO STATE COURT AND OPPOSING PARTY

Promptly upon the filing of this Notice of Removal, Defendant will file a Notice of Filing Notice of Removal with the Clerk of the Harris County District Court, the state court where the suit is pending, and serve a copy on Plaintiff through her counsel.

### V.      CONCLUSION

Defendant respectfully requests that this Court exercise jurisdiction over this action, and enter such further orders and grant such further relief as may be necessary to secure removal herein and to prevent further proceedings in the 190th Judicial District Court of Harris County, Texas, and further seeks all other relief to which it is justly entitled.

Dated: February 25, 2021

Respectfully submitted,

/s/ Kristin L. Bauer

Kristin L. Bauer
Texas Bar No. 24006813
S.D. TX Bar No. 23790
JACKSON LEWIS P.C.
500 N. Akard St., Suite 2500
Dallas, TX 75201-6656
(214) 520-2400 [Telephone]
(214) 520-2008 [Facsimile]
Kristin.Bauer@jacksonlewis.com [Email]

ATTORNEY-IN-CHARGE FOR DEFENDANT,
ZO SKIN HEALTH, INC.

OF COUNSEL:

Mical Lin
State Bar No. 24086951
S.D. TX Bar No. 2789055
JACKSON LEWIS P.C.
1415 Louisiana, Suite 3325
Houston, Texas  77002
(713) 650-0404 [Telephone]
(713) 650-0405 [Facsimile]
Mical.Lin@jacksonlewis.com [Email]

ATTORNEYS FOR DEFENDANT,
ZO SKIN HEALTH, INC.

d

## **CERTIFICATE OF SERVICE**

I hereby certify that I filed the foregoing document on February 25, 2021, with the clerk of the Court of the United States District Court for the Southern District of Texas using the CM/ECF system pursuant to the Court's electronic filing requirements, which constitutes service of the filed documents on all counsel of record as listed below:

Andrew L. Mintz
ANDREW L. MINTZ, PLLC
2100 West Loop South, Suite 1125
Houston, TX 77027
andrew@almintzlawfirm.com

ATTORNEY FOR PLAINTIFF

/s/ Kristin L. Bauer
Kristin L. Bauer

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CARRINGTON GILBERT, | § | |
| | § | |
| *Plaintiff,* | § | C.A. No.: _____ |
| | § | |
| v. | § | JURY DEMANDED |
| | § | |
| ZO SKIN HEALTH, INC., | § | Removed from the District Court of |
| | § | Harris County, Texas; 190th Judicial |
| *Defendant.* | § | District, Cause No. 2021-04626 |

## INDEX OF MATTERS FILED

1.   Notice of Removal;

2.   Exhibit A - All executed process in this case;

3.   Exhibit B - Pleadings asserting causes of action, *e.g.*, petitions, counterclaims, cross-actions, third-party actions, interventions and all answers to such pleadings;

4.   Exhibit C - All orders signed by the state judge;

5.   Exhibit D - The state Court's docket sheet;

6.   Exhibit E - A list of all counsel of record, including addresses, telephone numbers and parties; and represented.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CARRINGTON GILBERT, | § | |
| | § | |
| *Plaintiff,* | § | C.A. No.: _____ |
| | § | |
| v. | § | JURY DEMANDED |
| | § | |
| ZO SKIN HEALTH, INC., | § | Removed from the District Court of |
| | § | Harris County, Texas; 190th Judicial |
| *Defendant.* | § | District, Cause No. 2021-04626 |

**EXHIBIT A**

(All executed process in the state action)

# JacksonLewis

**Jackson Lewis P.C.**
500 N. Akard Street, Suite 2500
Dallas, Texas 75201
(214) 520-2400 Main
(214) 520-2008 Fax
www.jacksonlewis.com

*Kristin L. Bauer*
*Direct: (972) 728-3304*
*Mobile: (214) 621-8262*
*kristin.bauer@jacksonlewis.com*

February 10, 2021

*Via Email:*
Andrew L. Mintz
Andrew L. Mintz, PLLC
2100 West Loop South, Suite 1125,
Houston, Texas 77027
andrew@almintzlawfirm.com

Re:   Case No. 2021-04626; *Carrington Gilbert,*
*Plaintiff v. Zo Skin Health, Inc., Defendant,* In
the District Court for Harris County, Texas

Dear Mr. Mintz:

Please allow this letter to memorialize our agreement pursuant to Rules 11 and 119 of the Texas Rules of Civil Procedure to waive Plaintiff Carrington Gilbert's ("Gilbert") obligation to serve Defendant ZO Skin Health, Inc. ("ZO") with service of process.  Pursuant to this agreement, ZO will have until February 24, 2021 to answer or file any other responsive pleadings in the above-referenced case.  If this accurately reflects the substance of our agreement, please sign below. Please feel free to contact me if you have any further questions.

Sincerely,

JACKSON LEWIS P.C.

Kristin L. Bauer

KLB/mel

_____
Andrew L. Mintz, *Counsel for Plaintiff*

**EXHIBIT
A**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CARRINGTON GILBERT, | § | |
| | § | |
| *Plaintiff,* | § | C.A. No.: _____ |
| | § | |
| v. | § | JURY DEMANDED |
| | § | |
| ZO SKIN HEALTH, INC., | § | Removed from the District Court of |
| | § | Harris County, Texas; 190th Judicial |
| *Defendant.* | § | District, Cause No. 2021-04626 |

## EXHIBIT B

(Pleadings asserting causes of action, *e.g.*, petitions, counterclaims, cross-actions, third-party actions, interventions and all answers to such pleadings)

1.    Plaintiff's Original Petition and Request for Disclosures;

2.    Request for Issuance of Citation;

3.    Defendant's Original Answer to Plaintiff's Original Petition, General Denial and Defenses

1/25/2021 6:33 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 50017484
By: Wanda Chambers
Filed: 1/25/2021 6:33 PM

CAUSE NO. <u>2021-04626</u>

| | | |
|---|---|---|
| **CARRINGTON GILBERT** | § | **IN THE DISTRICT COURT OF** |
| **Plaintiff,** | § | |
| | § | |
| | § | **HARRIS COUNTY, TEXAS** |
| **VS.** | § | |
| | § | |
| **ZO SKIN HEALTH, INC.** | § | |
| **Defendant** | § | <u>190TH</u>   **JUDICIAL DISTRICT** |

---

### PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURES

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Carrington Gilbert ("Gilbert"), Plaintiff in the above numbered and styled cause, and files this Plaintiff's Original Petition complaining of ZO Skin Health, Inc. ("ZO" or "Defendant"), Defendant herein, and for causes of action would respectfully show unto this Court as follows:

### I. DISCOVERY PLAN

1.      Plaintiff intends to conduct discovery in this matter pursuant to Track 2.

### II. PARTIES

2.      Plaintiff Carrington Gilbert ("Plaintiff") is an individual residing in Harris County, Texas.

3.      Defendant ZO Skin Health, Inc is a corporation duly formed and existing under the laws of the State of California and may be served with process through its registered agent, CT Corporation System, located at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

### III. JURISDICTION AND VENUE

4.      This Court has jurisdiction over the subject matter in this litigation because the amount is in excess of the minimum jurisdictional limits of this Court. This Court has personal jurisdiction over Defendant because it conducts business in Texas. Venue is proper in Harris County, Texas pursuant to Tex.Civ.Prac.& Rem.Code Ann. § 15.002(a)(1) since it is the county in which the cause of action occurred.

### IV. FACTS

5.      Plaintiff is a citizen of the United States.

6.      Gilbert started working for ZO on September 3, 2019. On or around May 12, 2020, she was terminated. At the time Gilbert was terminated, her job title was Account Executive.

7.      In early November 2019, Gilbert told the Regional Sales Manager, Jackie Castaneda ("Castaneda") that Gilbert was pregnant and that her due date was January 1, 2020. Castaneda told Gilbert to share this news with Ms. Christina Phillips ("Phillips") in Human Resources, which Gilbert did.

8.      Prior to announcing her pregnancy, ZO had no issues with Gilbert's work performance. However, after Gilbert informed ZO of her pregnancy, management began to question her ability to perform her job duties. Specifically, Castaneda repeatedly asked Gilbert how she would be able to do her job once she had her baby. Castaneda continued to make these comments to Gilbert after she gave birth to her child.

9.      On December 19, 2019, Castaneda and ZO's Chief Domestic Sales Officer, Nancy Marchain, told Gilbert her territory was being eliminated. It is important to note that Gilbert's territory was the only territory that was (supposedly) being eliminated.

Gilbert was told that in order to continue working for ZO, she would have to relocate to West Texas effective January 1, 2020 without any relocation assistance. This was an example of ZO harassing Gilbert due to her pregnancy.

10.      Gilbert informed ZO that since her due date was January 1, 2020, she would be unable to move by the date, but that she would move after she gave birth.

11.      Gilbert was on maternity leave approved by ZO from January 1, 2020 through March 2, 2020. Nonetheless, on February 18 Gilbert was told by Christina Philips that Gilbert should have returned from maternity leave on February 18, 2020. This was false and was yet another example of ZO harassing Gilbert because of her sex.

12.      When Gilbert returned from her approved maternity leave on or about March 2, 2020, ZO instructed her to fly back and forth to West Texas on a weekly basis in order to look for a home to relocate to. However, on March 12, 2020, Castaneda sent an email advising all Account Executives in Gilbert's region to stop air travel effective that week due to Covid-19. **From that date, Gilbert's entire team was given the following instructions: a) not to travel to any customers and b) to work from home indefinitely.**

13.      On March 17, 2020, Gilbert received an email from Nancy Marchain that stated that Gilbert should continue to work remotely and to follow the COVID-19 guidelines set by her immediate area.

14.      During this period of time when ZO ordered its employees to work from home indefinitely, Gilbert was (unlike anybody else in the Central West Region) required to have regular conference calls with Ms. Castaneda so that Castaneda could "check on Gilbert's work progress." This was yet another example of ZO harassing Gilbert because of her sex.

15.     On May 8, 2020, Ms. Castaneda asked Gilbert if she still planned to relocate to West Texas. Gilbert replied that she did. Nonetheless, on May 12, 2020, ZO fired Gilbert supposedly for "missing the deadline to move to West Texas." This termination occurred despite the fact that **ZO itself had told its employees as of March 12, 2020 to a) not to travel to any customers and b) to work from home indefinitely.**

16.     Gilbert's job performance while working at ZO was outstanding. For example, in October 2019, she finished with the highest reorder rate in her region. In November 2019, she finished with 109% to goal, and in December 2020, she finished at 121% to goal.  Nevertheless, after she informed Defendant that she was pregnant and would be having a baby, Defendant started to harass Gilbert because of her pregnancy and ultimately terminated Gilbert due to her sex.

## V. DISCRIMINATION BY EMPLOYER

A.     **Sex Discrimination under §21.051 and §21.106 of Texas Labor Code**

17.     The facts set out in Section IV of this Petition give rise to a cause of action for sex discrimination as set forth in the Texas Labor Code.

18.     According to § 21.051 of the Texas Labor Code, it is unlawful for an employer to discriminate against an employee because of their sex.

19.     Defendant discriminated against Plaintiff because of her sex (female) by discriminating against her due to her pregnancy, treating her less favorably than similarly-situated male employees who were not pregnant, and terminating her because of her pregnancy and sex.

20.     Plaintiff has suffered actual damages as a result of this discrimination and seeks to recover for such damages from Defendant. In addition, Plaintiff requests the Court grant

equitable relief in accordance with § 21.258 (b)(6) of the Texas Labor Code, to-wit: that Defendant be ordered to pay court costs in this action.  Plaintiff further requests the Court order Defendant to pay all reasonable and necessary attorney's fees to Plaintiff as allowed for in § 21.259 of the Texas Labor Code.

## VI. RULE 47 STATEMENT

21.     Plaintiff seeks damages within the jurisdictional limits of this Court, including monetary relief over $100,000. As stated in the comment to the 2013 amendment to Rule 47, this statement is made solely for the purpose of providing information on the nature of the case, does not affect Plaintiff's substantive rights, and is made subject to Plaintiff's right to amend.

## VII. JURY DEMAND

22.     Plaintiff respectfully requests a trial by jury.

## VIII. NO FEDERAL LAW

23.     Plaintiff does not cite and does not seek relief under any federal law.

## IX. REQUEST FOR DISCLOSURE

24.     Plaintiff requests that Defendant disclose, within 50 days of the service of this request, the information or material described in Texas Rule of Civil Procedure 194.2.

## X. PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that Defendant be cited to appear herein, and that after trial by jury, this Court enters a judgment:

- A.     declaring that the acts and practices complained of herein are in violation of Title 21 of the Texas Labor Code;

- B.     enjoining and permanently restraining these violations of Title 21 of the Texas Labor Code;

- C.     directing Defendant to take such affirmative action as in necessary to ensure that the effects of these unlawful employment practices are

eliminated and do not continue to affect Plaintiff's employment opportunities;

D.      directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory and retaliatory treatment of her, and make her whole for all earnings she would have received but for Defendant's discriminatory and retaliatory treatment, including, but not limited to, wages, pension, and other lost benefits, or, in lieu thereof, awarding Plaintiff damages for past lost wages, pension, and other lost benefits;

E.      directing Defendant to pay Plaintiff front pay, including lost wages, pension and other lost benefits;

F.      awarding  Plaintiff compensatory and exemplary damages;

G.      directing Defendant to pay Plaintiff compensatory damages and damages for her past  and future mental anguish and humiliation;

H.      awarding  Plaintiff pre-judgment and post-judgment interest at the maximum legal rate;

I.      awarding Plaintiff her reasonable attorney's fees;

J.      awarding Plaintiff all costs of court; and

K.      awarding Plaintiff such other and further relief, both general and special, at law and in equity, to which Plaintiff may show herself justly entitled under all attending facts and circumstances.

Respectfully submitted,

 /s/ Andrew L Mintz
Andrew L. Mintz
Texas Bar No. 24037120
andrew@almintzlawfirm.com
ANDREW L. MINTZ, PLLC
2100 West Loop South, Suite 1125
Houston, Texas 77027
Ph: (713) 859-3828
Fax: (832) 626-0389

**ATTORNEY FOR PLAINTIFF
CARRINGTON GILBERT**

1/25/2021 6:33:37 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 50017484
By: CHAMBERS, WANDA R
Filed: 1/25/2021 6:33:37 PM

## Marilyn Burgess

### HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

### Request for Issuance of Service

**CASE NUMBER:** _____   **CURRENT COURT:** _____

**Name(s) of Documents to be served:** Plaintiff's Original Petition and Request for Disclosure_____

**FILE DATE:** 01/25/2021 Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to:** ZO Skin Health, Inc.

Address of Service: 1999 Bryan Street, Suite 900

City, State & Zip: Dallas, Texas 75201-3136

Agent (if applicable) CT Corporation System

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

| | | | |
|---|---|---|---|
| **X Citation** | ☐ **Citation by Posting** | ☐ **Citation by Publication** | ☐ **Citations Rule 106 Service** |
| ☐ **Citation Scire Facias** | **Newspaper**_____ | | |
| ☐ **Temporary Restraining Order** | ☐ **Precept** | | ☐ **Notice** |
| ☐ **Protective Order** | | | |
| ☐ **Secretary of State Citation ($12.00)** | ☐ **Capias** (not by E-Issuance) | | ☐ **Attachment** (not by E-Issuance) |
| ☐ **Certiorari** | ☐ **Highway Commission ($12.00)** | | |
| ☐ **Commissioner of Insurance ($12.00)** | ☐ **Hague Convention ($16.00)** | | ☐ **Garnishment** |
| ☐ **Habeas Corpus** (not by E-Issuance) | ☐ **Injunction** | | ☐ **Sequestration** |
| ☐ **Subpoena** | | | |
| ☐ **Other (Please Describe)** _____ | | | |

**(See additional Forms for Post Judgment Service)**

**SERVICE BY** *(check one)*:

☐ **ATTORNEY PICK-UP (phone)** _____   X E-Issuance by District Clerk
☐ **MAIL to attorney at:** _____   **(No Service Copy Fees Charged)**
☐ **CONSTABLE**   *Note*: The email registered with EfileTexas.gov must be
☐ **CERTIFIED MAIL by District Clerk**   used to retrieve the E-Issuance Service Documents.
   Visit www.hcdistrictclerk.com for more instructions.

☐ **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____   Phone: _____

☐ **OTHER,** *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name: Andrew L. Mintz Bar # or ID 24037120

Mailing Address: Andrew L. Mintz, PLLC, 2100 West Loop South, Suite 1125, Houston, Texas 77027

Phone Number: (713) 859-3828

Certified Document Number: 94086897 - Page 1 of 1



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   February 25, 2021

Certified Document Number:        94086897 Total Pages:  1

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

CAUSE NO. 2021-04626

| | | |
|---|---|---|
| CARRINGTON GILBERT, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| | § | |
| ZO SKIN HEALTH, INC., | § | |
| | § | |
| Defendant. | § | 190TH JUDICIAL DISTRICT |

### <u>DEFENDANT ZO SKIN HEALTH, INC.'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION, GENERAL DENIAL AND DEFENSES</u>

Defendant ZO Skin Health, Inc. ("ZO"/"Defendant") files this Original Answer to Plaintiff's Original Petition, General Denial and Defenses ("Answer") to Plaintiff's Original Petition and Request for Disclosures ("Petition") and in support states as follows:

### I.      <u>GENERAL DENIAL</u>

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, ZO asserts a general denial to each and every allegation in the Petition and demands that Plaintiff be made to prove her charges by a preponderance of the evidence as required by the Constitution, statutes, laws and Rules of Civil Procedure for the State of Texas.

### II.      <u>DEFENSES</u>

Without waiving or limiting its right to plead further applicable defenses, ZO asserts the following additional defenses and/or affirmative defenses:

1.      Plaintiff's claims are barred and/or recovery of damages is precluded in whole or in part because Defendant exercised reasonable care to prevent any alleged unlawful discrimination, harassment, and/or retaliation.

2.      Plaintiff's claims are barred in whole or in part because Defendant acted at all times in compliance with applicable employment laws.

3.      Defendant's employment decisions were undertaken in good faith and on in compliance with applicable law, including but not limited to the Texas Labor Code.

4.      To the extent that Plaintiff's claims are beyond the scope of the administrative charges filed, her claims are barred for failure to exhaust mandatory administrative prerequisites.

5.      Plaintiff's claims are barred and/or recovery of damages is precluded because Defendant exercised reasonable care to prevent and promptly correct any alleged discriminatory and/or harassing behavior.  *See Burlington Indus., Inc. v. Ellerth*, 524 U.S. 720, 765 (1998); *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998).

6.      Plaintiff failed to undertake reasonable efforts to mitigate her damages.

7.      Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

8.      Plaintiff fails to state a claim upon which relief may be granted.

9.      Defendant asserts the defenses of estoppel, laches, waiver, justification, and/or unclean hands.

10.     Plaintiff's claim for punitive damages is barred to the extent that it is in violation of the Constitutions of the United States and/or the State of Texas, or any other applicable law.

11.     Any and all damages claimed by Plaintiff, whether compensatory, punitive, actual, attorneys' fees, costs, or otherwise, are subject to all statutory exclusions, caps, and limitations.

12.     Plaintiff should not be awarded punitive damages because Defendant did not act with malice or reckless indifference to her legally protected rights.

13.     Plaintiff's claims are barred in whole or in part because unlawful actions taken by managerial agents of Defendant, if any occurred, were contrary to Defendant's good faith effort to comply with the law.

### III.     PRAYER

Defendant respectfully requests that Plaintiff take nothing in this suit; that her claims be dismissed with prejudice; that all relief prayed for by her be denied; and that the Court enter final judgment in favor of Defendant and against Plaintiff on all claims.  Defendant further requests that this Court award Defendant its attorneys' fees, costs of court, and litigation expenses incurred in connection with the defense of this matter as well as any other or additional relief as the Court deems just and equitable.

Respectfully submitted,

*/s/ Kristin L. Bauer*
Kristin L. Bauer
Texas Bar No. 24006813
JACKSON LEWIS P.C.
500 N. Akard St., Suite 2500
Dallas, TX 75201-6656
(214) 520-2400 [Telephone]
(214) 520-2008 [Facsimile]
Kristin.Bauer@jacksonlewis.com

ATTORNEY-IN-CHARGE FOR DEFENDANT,
ZO SKIN HEALTH, INC.

OF COUNSEL:

Mical Lin
State Bar No. 24086951
JACKSON LEWIS P.C.
1415 Louisiana, Suite 3325
Houston, Texas  77002
(713) 650-0404 [Telephone]
(713) 650-0405 [Facsimile]
Mical.Lin@jacksonlewis.com

ATTORNEYS FOR DEFENDANT,
ZO SKIN HEALTH, INC.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on February 25, 2021, *Defendant ZO Skin Health, Inc.'s Original Answer to Plaintiff's Original Petition, General Denial and Affirmative Defenses* was electronically filed with the Court and served via electronic service and/or electronic mail in accordance with the Texas Rules of Civil Procedure on Plaintiff's attorney of record as follows:

Andrew L. Mintz
ANDREW L. MINTZ, PLLC
2100 West Loop South, Suite 1125
Houston, TX 77027
andrew@almintzlawfirm.com

ATTORNEY FOR PLAINTIFF

*/s/ Kristin L. Bauer*
Kristin L. Bauer

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CARRINGTON GILBERT, | § | |
| | § | |
| *Plaintiff,* | § | C.A. No.: _____ |
| | § | |
| v. | § | JURY DEMANDED |
| | § | |
| ZO SKIN HEALTH, INC., | § | Removed from the District Court of |
| | § | Harris County, Texas; 190th Judicial |
| *Defendant.* | § | District, Cause No. 2021-04626 |

**EXHIBIT C**

(All orders signed by the state judge)

1.    None

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CARRINGTON GILBERT, | § | |
| | § | |
| *Plaintiff,* | § | C.A. No.: _____ |
| | § | |
| v. | § | JURY DEMANDED |
| | § | |
| ZO SKIN HEALTH, INC., | § | Removed from the District Court of |
| | § | Harris County, Texas; 190th Judicial |
| *Defendant.* | § | District, Cause No. 2021-04626 |

**EXHIBIT D**

(The state court's docket sheet)

Case 4:21-cv-00621 Document 1 Filed on 02/25/21 in TXSD

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|---|---|---|---|---|
| 94086896 | Plaintiff's Original Petition and Request for Disclosure | | 01/25/2021 | 6 |
| -> 94086897 | Request for Issuance of Service | | 01/25/2021 | 1 |

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CARRINGTON GILBERT, | § | |
| | § | |
| *Plaintiff,* | § | C.A. No.: _____ |
| | § | |
| v. | § | JURY DEMANDED |
| | § | |
| ZO SKIN HEALTH, INC., | § | Removed from the District Court of |
| | § | Harris County, Texas; 190th Judicial |
| *Defendant.* | § | District, Cause No. 2021-04626 |

**EXHIBIT E**

(A list of all counsel of record, including addresses, telephone numbers and parties represented)

Andrew L. Mintz
State Bar No. 24037120
S.D. TX Bar No. 35220
ANDREW L. MINTZ, PLLC
2100 West Loop South, Suite 1125
Houston, TX 77027
(713) 859-3828 [Telephone]
(832) 626-0389 [Facsimile]
andrew@almintzlawfirm.com

ATTORNEY FOR PLAINTIFF
CARRINGTON GILBERT

Kristin L. Bauer
Texas Bar No. 24006813
S.D. TX Bar No. 23790
JACKSON LEWIS P.C.
500 N. Akard St., Suite 2500
Dallas, TX 75201-6656
(214) 520-2400 [Telephone]
(214) 520-2008 [Facsimile]
Kristin.Bauer@jacksonlewis.com [Email]

ATTORNEY-IN-CHARGE FOR DEFENDANT,
ZO SKIN HEALTH, INC.

AND

Mical Lin
State Bar No. 24086951
S.D. TX Bar No. 2789055
JACKSON LEWIS P.C.
1415 Louisiana, Suite 3325
Houston, Texas  77002
(713) 650-0404 [Telephone]
(713) 650-0405 [Facsimile]
Mical.Lin@jacksonlewis.com [Email]

ATTORNEYS FOR DEFENDANT,
ZO SKIN HEALTH, INC.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CARRINGTON GILBERT, | § | |
| | § | |
| *Plaintiff,* | § | C.A. No.: _____ |
| | § | |
| v. | § | JURY DEMANDED |
| | § | |
| ZO SKIN HEALTH, INC., | § | Removed from the District Court of |
| | § | Harris County, Texas; 190th Judicial |
| *Defendant.* | § | District, Cause No. 2021-04626 |

**EXHIBIT 1**

CAUSE NO. 2021-04626

| | | |
|---|---|---|
| CARRINGTON GILBERT, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| | § | |
| ZO SKIN HEALTH, INC., | § | |
| | § | |
| Defendant. | § | 190TH JUDICIAL DISTRICT |

## <u>DECLARATION OF NATASHA HODKINSON</u>

I, Natasha Hodkinson, declare under the penalty of perjury as follows:

1.      My name is Natasha Hodkinson. I am over the age of 18 years, am of sound mind, and have personal knowledge of the facts stated in this declaration.

2.      I am currently employed by ZO Skin Health, Inc. as Corporate Counsel. My office is located at 9685 Research Drive, Irvine, California 92618. I have been employed with ZO Skin Health, Inc. since May 21, 2012.

3.      In connection with my position as Corporate Counsel for ZO Skin Health, Inc., I am familiar with information regarding ZO Skin Health, Inc. and its corporate operations. ZO Skin Health, Inc. has been incorporated in the state of California since March 16, 2006. ZO Skin Health, Inc. has had its principal place of business in the state of California since March 16, 2006. Specifically, its corporate headquarters and principal place of business is located in Irvine, California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct pursuant to 28 U.S.C. §1746.

Natasha Hodkinson